IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEVON A.,**

    **Plaintiff,**

    vs.                                                              CIV. NO. 19-00473 DHU-KRS

**LELAND DUDEK,**[1]
**Acting Commissioner of Social Security,**

    **Defendant.**

## ORDER FOR EXTENSION

THIS MATTER coming before the Court upon Plaintiff's Unopposed Motion for Extension of Time to File Motion to Reverse and Remand to the Agency (the "Motion"), (Doc. 44), it being stated that Defendant concurs in the granting of the Motion, and the Court having read the Motion and being fully advised hereby **GRANTS** the Motion.

The Court also acknowledges that since this matter was reopened Plaintiff's filings, (docs. 39, 44) and the administrative record, (doc. 43), reflect a different name for Plaintiff than the name in the case caption. The Court further acknowledges that "courts routinely grant motions or stipulations to amend case captions (or amend the caption *sua sponte*) when a party has merely been misnamed or when a party's name is misspelled." *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 U.S. Dist. LEXIS 159850, 2020 WL 5229194, at *3 (D. Ariz. Sept. 2, 2020). But no motion or stipulation to amend the case caption has been filed here, and the Court

---

[1] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security and is substituted as defendant in this case, replacing Michelle King and Carolyn W. Colvin, prior Acting Commissioners of the Social Security Administration, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("the officer's successor is automatically substituted as a party"). The Clerk of Court is DIRECTED to modify the docket to reflect the correct defendant in the caption.

is reluctant to act *sua sponte* given that Plaintiff's recent filings contain two different versions of Plaintiff's name in the caption. *Compare* (doc. 39) and (doc. 44). Plaintiff is therefore **DIRECTED** to file a motion to amend the case caption to reflect Plaintiff's legal name.

The Court also notes that it is generally willing to grant extensions to parties to accommodate attorney work commitments and the demands of a busy law practice. However, requests for extensions must be made in compliance with local rules. Local Rule 7.4(a) permits parties to extend deadlines by agreement. D.N.M.LR-Civ. 7.4(a). If an extension of time is opposed, a party must file a motion with the Court *prior to* the filing deadline. *Id*. ("If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period."). The parties are reminded to timely file unopposed motions for extensions.

**IT IS THEREFORE ORDERED** that Plaintiff file her Motion to Reverse or Remand to the Agency no later than **June 4, 2025**.

**IT IS FURTHER ORDERED** that Defendant may file a response, if any, by **July 7, 2025**. Plaintiff may file a reply, if any, fourteen (14) days, after Defendant files his response.

                                                */s/ Kevin Sweazea*
                                                KEVIN R. SWEAZEA
                                                UNITED STATES MAGISTRATE JUDGE